UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

SHA-KING WHITE,                                          :
                                                         :
                                    Plaintiff,           :               15CV3593
                                                         :
                 - against -                             :          COMPLAINT AND
                                                         :        DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, CARL KAUFMAN,                      :
and "JOHN DOE" #1 - 3, in Their Individual               :             ECF CASE
Capacities and in Their Official Capacities,             :
                                                         :
                                    Defendants           :

------------------------------------------------------------------x

Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of the

defendants, alleges:

## NATURE OF THE ACTION

1.  This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiff Sha-king White by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution

of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the

State of New York.

2.  Plaintiff Sha-king White is a citizen of the United States who, on the night of August

3, 2014, was lawfully present on the sidewalk on Fulton Street, in Brooklyn, New York, when he

was stopped and arrested by defendants Carl Kaufman and "John Doe" #1 - 3, who were New York

City police officers, on false criminal charges of Resisting Arrest and Disorderly Conduct,

handcuffed, transported to the 79th Precinct, where he was imprisoned and required to remove his

sweat pants and to remain clothed in only boxer shorts and a t-shirt for approximately eight hours,

and then transported to Brooklyn Central Booking, where he continued to be imprisoned until his

arraignment on August 4, 2014, when the criminal proceeding against the plaintiff was adjourned in contemplation of dismissal and he was released from custody.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Sha-king White's constitutional and civil rights, and in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Eastern District of New York, defendant Carl Kaufman can be found within the Eastern District of New York, and defendant The City of New York is a municipal corporation located in the Eastern District of New York which is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

6. Plaintiff Sha-king White is an African-American citizen of the Untied States who, at all times relevant herein, resided in the County of Kings, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9.  Defendant Carl Kaufman is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10.  At all times relevant herein, defendant Carl Kaufman was acting within the scope of his employment by defendant The City of New York.

11.  Defendants "John Doe" #1 - 3 are natural persons who, at all times relevant to this action, were employed by defendant The City of New York as police officers.

12.  At all times relevant herein, defendants "John Doe #1 - 3 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

13.  On October 30, 2014, and within 90 days of the accrual of the causes of action herein, plaintiff Sha-king White served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

14.  More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

15.  Plaintiff incorporates by reference paragraphs 1 through 14 of this complaint as though the same were set forth fully herein.

16.  On August 3, 2014, plaintiff Sha-king White was lawfully present on the sidewalk on Fulton Street, in the Borough of Brooklyn, City and State of New York.

17.  At the above time and place, defendants Carl Kaufman and "John Doe" #1 - 3 stopped plaintiff Sha-king White.

18.  Plaintiff Sha-king White had not engaged in and was not engaged in any criminal activity.

19.  Defendants Carl Kaufman and "John Doe" #1 - 3 asked plaintiff Sha-king White for his name.

20.  Plaintiff Sha-king White displayed his identification to defendants Carl Kaufman and "John Doe" #1 - 3.

21.  Defendants Carl Kaufman and "John Doe" #1 - 3 arrested plaintiff Sha-king White on false charges of Resisting Arrest and Disorderly Conduct.

22.  The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Sha-king White.

23.  One of the individual defendants handcuffed plaintiff Sha-king White's wrists.

24.  The defendants transported plaintiff Sha-king White to the 79th Precinct, where the plaintiff was imprisoned.

25.  At the 79th Precinct, the defendants required plaintiff Sha-king White to remove the sweat pants he had been wearing.

26.  The defendants required plaintiff Sha-king White to remain wearing only boxer shorts underwear and a t-shirt during the entire period he was imprisoned at the 79th Precinct.

27.  Plaintiff Sha-king White was subsequently transported to Brooklyn Central Booking, where he continued to be imprisoned.

28.  On August 4, 2014, plaintiff Sha-king White was arraigned before a judge of the Criminal Court of the City of New York, County of Kings, at which time the charges against him were adjourned in contemplation of dismissal and the plaintiff was released from custody.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

29.  Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though the same were set forth fully herein.

30.  The seizure, arrest, and imprisonment of plaintiff Sha-king White on August 3, 2014, were made without any warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

31.  The charges upon which defendants Carl Kaufman and "John Doe" #1 - 3 arrested plaintiff Sha-king White were false.

32.  The charges were made by defendants Carl Kaufman and "John Doe" #1 - 3 against plaintiff Sha-king White with knowledge that they were false.

33.  Plaintiff Sha-king White was aware of his seizure, arrest, and imprisonment by defendants Carl Kaufman and "John Doe" #1 - 3.

34.  Plaintiff Sha-king White did not consent to his seizure, arrest or imprisonment.

35.  As a result of the foregoing, plaintiff Sha-king White was deprived of his liberty, was imprisoned,  and was subjected to mental and physical distress, embarrassment and humiliation.

36.  The seizure, arrest and imprisonment of plaintiff Sha-king White by defendants Carl Kaufman and "John Doe" #1 - 3 on August 3, 2014, deprived the plaintiff of his right to be secure in his person against unlreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

37.  Defendants Carl Kaufman and "John Doe" #1 - 3 were acting under color of state law when they seized, arrested and imprisoned plaintiff Sha-king White on August 3, 2014.

38.  Defendants Carl Kaufman and "John Doe" #1 - 3 deprived plaintiff Sha-king White of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the

Fourth Amendment of the Constitution of the Untied States under color of state law, in violation of

42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Sha-king White on false criminal

charges.

## COUNT TWO
## IMPRISONMENT IN A STATE OF UNDRESS UNDER 42 U.S.C. §1983

39.  Plaintiff incorporates by reference paragraphs 1 through 38 of this complaint as

though the same were set forth fully herein.

40.  Requiring plaintiff Sha-king White to remove his sweat pants and to remain clothed

in only boxer undershorts and a t-shirt constituted a strip search.

41.  Requiring plaintiff Sha-king White to remove his sweat pants and to remain clothed

only in boxer undershorts and a t-shirt was unreasonable.

42.  Requiring plaintiff Sha-king White to remove his sweat pants and to remain clothed

only in boxer undershorts and a t-shirt violated the plaintiff's right to be secure in his person against

unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the

United States.

43.  Requiring plaintiff Sha-king White to remove his sweat pants and to remain clothed

only in boxer undershorts and a t-shirt violated the plaintiff's right to privacy guaranteed by the

Fourth Amendment, the Ninth Amendment, and the due process clause of the Fourteenth

Amendment of the Constitution of the United States.

44.  Defendants Carl Kaufman and "John Doe" #1 - 3 were acting under color of state law

when they required plaintiff Sha-king White to remove his sweat pants and to remain clothed in only

his boxer undershorts and a t-shirt for the period of his imprisonment at the 79th Precinct.

45.   Defendants Carl Kaufman and "John Doe" #1 - 3 deprived plaintiff Sha-king White of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right to privacy guaranteed by Fourth Amendment, the Ninth Amendment and the due process clause of the Fourteenth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by requiring the plaintiff to remove his sweat pants and to remain clothed in only boxer undershorts and a t-shirt for the period of his imprisonment at the 79th Precinct..

46.   As a result of the foregoing, plaintiff Sha-king White suffered embarrassment, humiliation and emotional distress.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

47.   Plaintiff incorporates by reference paragraphs 1 through 46 of this Complaint as though the same were set forth fully herein.

48.   The acts complained of were carried out by defendants Carl Kaufman and "John Doe" #1 - 3 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

49.   Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

50.   The aforesaid customs, policies, usages, practices, procedures and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

51. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

52. The arrest and imprisonment of plaintiff Sha-king White on August 3, 2014 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

53. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

54. Defendant The City of New York deprived plaintiff Sha-king White of his rights to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

55. Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint as though the same were set forth fully herein.

56. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Carl Kaufman and "John Doe" #1 - 3 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

57. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

58. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

59. Nevertheless, defendant The City of New York exercised deliberate indifference to the rights of persons with whom its police officers come into contact by failing to take remedial

action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

60. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Sha-king White would be violated.

61. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Sha-king White.

62. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

63. Defendant The City of New York deprived plaintiff Sha-king White of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest on of plaintiff Sha-king White on false criminal charges on August 3, 2014.

## COUNT FIVE
## COMMON LAW ASSAULT AND BATTERY

64. Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint as

though the same were set forth fully herein.

65. Defendants Carl Kaufman, John Doe" #1 - 3 and The City of New York committed an assault and battery on the person of plaintiff Sha-king White on the night of August 3, 2014, by handcuffing the plaintiff.

66. As a result of the foregoing, plaintiff Sha-king White experienced pain, physical and emotional distress, hardship and anxiety.

**COUNT SEVEN**
**COMMON LAW FALSE IMPRISONMENT**

67. Plaintiff incorporates by reference paragraphs 1 through 66 of this Complaint as though the same were set forth fully herein.

68. Defendants Carl Kaufman, "John Doe" #1 - 3 and The City of New York falsely imprisoned plaintiff Sha-king White on August 3, 2014 by seizing, arresting and imprisoning him on false criminal charges.

69. As a result of the foregoing, plaintiff Sha-king White was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Sha-king White compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Sha-king White  punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

**JURY TRIAL DEMANDED**

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
        June 19, 2015

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
    Steven D. Michelstein (SM3323)
    Attorneys for Plaintiff
    485 Madison Avenue
    New York, New York 10022
    (212) 588-0880
    malaw485@yahoo.com